IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**AMY SMITH and LESLIE TURNER,**             **PLAINTIFFS**
Each Individually and on Behalf
Of All Others Similarly Situated

vs.                  No. 4:19-cv-245-BSM

**NPMC, HOME HEALTH, LLC, and TRINITY**      **DEFENDANTS**
**RIVER VALLEY HOME HEALTH, LLC**

### JOINT MOTION TO DISMISS WITH PREJUDICE AND
### FOR APPROVAL OF SETTLEMENT AGREEMENT

COME NOW Plaintiffs Amy Smith and Leslie Turner (collectively "Named Plaintiffs"), each individually and on behalf of others similarly situated, and Defendants NPMC, Home Health, LLC, and Trinity River Valley Home Health, LLC (collectively "Defendants"), by and through their undersigned counsel, and jointly submit the following Joint Motion to Dismiss with Prejudice and for Approval of Settlement Agreement:

1.  Named Plaintiffs and Kelsi Frachiseur filed this action on April 11, 2019, alleging violations of the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201, *et seq,* each individually and on behalf of a collective of similarly situated individuals. *See* ECF No. 1. Named Plaintiffs asserted that Defendants failed to pay them one and one-half times their regular rate for hours in excess of forty (40) in a week. *Id.* Named Plaintiffs also sought liquidated damages and attorneys' fees. *Id*. Defendants disputed the material allegations in the Complaint. *See* ECF No. 3.

Page 1 of 6
Amy Smith, et al. v. NPMC, Home Health, LLC, et al.
U.S.D.C. (E.D. Ark.) No. 4:19-cv-245-BSM
Joint Motion to Dismiss with Prejudice and
for Approval of Settlement Agreement

2. This Court conditionally certified a group of hourly-paid home health workers employed by Defendants. *See* ECF No. 18. Following distribution of notice, five other individuals opted into the litigation, for a total of eight Plaintiffs. Named Plaintiffs and the five Opt-in Plaintiffs are hereinafter collectively referred to as "Plaintiffs."

3. Even though Kelsi Frachiseur was an original Plaintiff of this lawsuit, Plaintiffs' counsel has been unable to contact her for several months. Accordingly, the Parties dismissed her from the lawsuit. *See* ECF No. 27.

4. During the course of this litigation, the Parties have engaged in formal and informal discovery regarding Plaintiffs' time records, pay stubs, and issues related to the underlying merits of Plaintiffs' claims and Defendants' defenses.

5. Following extensive negotiations between counsel, the Parties have entered into a Settlement Agreement and Release of Claims ("Settlement Agreement") resolving the litigation in full and requesting dismissal of the above-captioned action with prejudice. A copy of the Settlement Agreement is attached hereto as Exhibit A.

6. Circuits are split on whether a private settlement of an FLSA claim requires court approval. Compare *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012) (enforcing a settlement that was reached without judicial or Department of Labor approval), with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (holding FLSA settlements require approval from the district court or Department of Labor), and *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (same). The Eighth Circuit has yet to decide this issue. *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019).

Page 2 of 6
Amy Smith, et al. v. NPMC, Home Health, LLC, et al.
U.S.D.C. (E.D. Ark.) No. 4:19-cv-245-BSM
Joint Motion to Dismiss with Prejudice and
for Approval of Settlement Agreement

7. Assuming court approval is required, the Parties request the Court's review and approval of the Settlement and issuance of an Order approving the Settlement as fair, adequate, and reasonable.

8. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc.,* 679 F.2d at 1353. A district court may only approve a settlement agreement and enter a stipulated judgment that includes a waiver of FLSA claims after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Okada v. Eagle's HVAC, LLC*, No. 2:16-CV-02245, 2017 U.S. Dist. LEXIS 205376, at *3 (W.D. Ark. Dec. 14, 2017) (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1353, n.8).

9. If the proposed settlement is a reasonable compromise of contested issues, the court should approve the settlement:

> [W]hen the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

10. Here, the settlement between the Parties represents a fair and equitable compromise of bona fide wage and hour disputes. Plaintiffs allege that Defendants failed to pay them a proper overtime premium due to their failure to pay them at one and one

Page 3 of 6
Amy Smith, et al. v. NPMC, Home Health, LLC, et al.
U.S.D.C. (E.D. Ark.) No. 4:19-cv-245-BSM
Joint Motion to Dismiss with Prejudice and
for Approval of Settlement Agreement

half times their regular rate for hours worked in excess of 40 per week. Defendants maintain that Plaintiffs were at all times paid properly under the FLSA and AMWA.

11. The Settlement Agreement resolves specific bona fide disputes between the Parties. The gravamen of Plaintiffs' Complaint is that Plaintiffs were paid on an hourly basis and that only hours worked for clients of Defendants were compensated. Defendants' position is that Plaintiffs were paid according to a salary-based point system, and that the Plaintiffs were properly classified as exempt from the overtime requirements of the FLSA. Accordingly, in Defendants' view, any difference in Plaintiffs' pay due to work for clients was due to a difference in "points" and not in hours. In any event, it is Plaintiffs' position that any classification of Plaintiffs as exempt was improper and that they were at all times entitled to overtime.

12. The Parties exchanged formal and informal discovery focused on the merits of the case. During the course of discovery, Defendants took Plaintiff Amy Smith's deposition. While Plaintiffs continue to dispute their entitlement to compensation for all hours worked as well as their status as nonexempt workers, the testimony given during Smith's deposition led counsel for both Parties to believe that a subsequent Motion for Summary Judgment filed by Defendants was likely to be successful. Smith, while not conceding the merits of her claims, testified that she was paid according to the point system described by Defendants and that her work required independent discretion and specialized knowledge in equal measure. Under the terms of the Settlement Agreement, Plaintiffs are receiving real value for claims which were at an acute risk of being dismissed for no consideration whatsoever.

13. Under the FLSA, an award of reasonable attorneys' fees and costs to prevailing plaintiffs is mandatory. 29 U.S.C. § 216(b) ("The court in such action shall, in

Page 4 of 6
Amy Smith, et al. v. NPMC, Home Health, LLC, et al.
U.S.D.C. (E.D. Ark.) No. 4:19-cv-245-BSM
Joint Motion to Dismiss with Prejudice and
for Approval of Settlement Agreement

addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Collins v. Barney's Barn, Inc.*, Case No. 4:12-cv-685-SWW (E.D. Ark. 10/16/2014) ("An award of attorney's fees and costs to the prevailing employee is mandatory under § 216(b), but the amount of the award is within the discretion of the court."). A stipulated agreement of attorney fees in private settlement is afforded more deference than in a disputed case. *See Melgar v. OK Foods, Inc.*, 902 F.3d 775, 778–80 (8th Cir. 2018) ("where the parties have already agreed upon the fees to be paid, any required review need not be a line-by-line, hour-by-hour review of the attorneys' fees."). Courts value the private settlement of attorneys' fees because it prevents unnecessary litigation, and 29 U.S.C. § 216 "does not require approval of settled attorney fees." *Barbee*, 927 F.3d at 1027. Nevertheless, a district court does retain the authority to ensure that the attorneys' fees were "negotiated separately and without regard to the plaintiff's FLSA claim, and there was no conflict of interest between the attorney and his or her client." *Id.* at 1027 n.1.

14. The Parties negotiated an award of reasonable attorneys' fees and costs separately from and without regard to the amount to be paid to Plaintiffs. Specifically, the Parties began discussion regarding attorneys' fees and costs **only after** an amount for Plaintiffs' liability damages was agreed. Because the attorneys' fees were negotiated entirely separately, no conflict could exist between Plaintiffs and their counsel, and this resolution sufficiently resolves all matters before the Court.

15. Accordingly, Plaintiffs and Defendants jointly seek dismissal, with prejudice, of Plaintiffs' claims in this action. The Parties further request that following the Court's approval of the Settlement Agreement, the Court dismiss the above-styled action with prejudice.

Page 5 of 6
Amy Smith, et al. v. NPMC, Home Health, LLC, et al.
U.S.D.C. (E.D. Ark.) No. 4:19-cv-245-BSM
Joint Motion to Dismiss with Prejudice and
for Approval of Settlement Agreement

WHEREFORE, Named Plaintiffs, each individually and on behalf of others similarly situated, and Defendants, request that the Court enter an order dismissing with prejudice this lawsuit in its entirety and approving the Settlement Agreement, and for all other relief to which they may be entitled.

        Respectfully submitted,

**AMY SMITH and LESLIE TURNER, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Daniel Ford
Ark. Bar No. 2015079
daniel@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

and **NPMC, HOME HEALTH, LLC and TRINITY RIVER VALLEY HOME HEALTH, LLC, DEFENDANTS**

FRIDAY, ELDREDGE & CLARK, LLP
2000 Regions Center
400 West Capitol Avenue
Little Rock, Arkansas 72201
Tel: (501) 370-1526

*/s/ H. Wayne Young, Jr.*
H. Wayne Young, Jr.
wyoung@fridayfirm.com

Page 6 of 6
Amy Smith, et al. v. NPMC, Home Health, LLC, et al.
U.S.D.C. (E.D. Ark.) No. 4:19-cv-245-BSM
Joint Motion to Dismiss with Prejudice and
for Approval of Settlement Agreement