# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**AMY SMITH, Individually**     **PLAINTIFFS**
**and on behalf of**
**others similarly situated,** *et al.*

**v.**     **CASE NO. 4:19-CV-00245-BSM**

**NPMC,** *et al.*     **DEFENDANTS**

## ORDER

The parties' joint motion for approval of settlement agreement and dismissal with prejudice [Doc. No. 32] is granted.

The parties have settled plaintiffs' Fair Labor Standards Act ("FLSA") and Arkansas Minimum Wage Act ("AMWA") claims against defendants and now seek approval of the proposed settlement agreement and dismissal of the case. Because both impose the same overtime requirements, they are analyzed similarly. *See Arkansas Dep't of Veterans Affairs v. Okeke*, 466 S.W.3d 399, 403 (Ark. 2015). To approve a settlement in an FLSA case, the court must ensure that the parties are not negotiating around the FLSA's requirements and that the settlement agreement represents a fair and reasonable resolution of a bona fide dispute. *Cruthis v. Vision's*, 2014 WL 4092325, at *1 (E.D. Ark. Aug. 19, 2014).

The parties' proposed agreement and the entire record herein indicate the parties are not attempting to negotiate around the FLSA's requirements, and plaintiffs' recovery is fair and reasonable and furthers the goals of the FLSA. Further, the attorneys' fees and costs are reasonable and have been negotiated separately from the amount the plaintiffs will receive.

The settlement is therefore approved and this case is dismissed with prejudice. Moreover, jurisdiction is retained for thirty days to enforce the terms of the agreement, as necessary, to vacate this order and the accompanying judgment, and to reopen the case if it is satisfactorily shown that the agreement has not been completed and further litigation is needed.

    IT IS SO ORDERED this 2nd day of February, 2022.

                                                      */s/ Brian S. Miller*
                                        UNITED STATES DISTRICT JUDGE